CASSIUS C. ARCHER AND MARTHA A. ARCHER, PLAINTIFFS, v. FRANCES E. MORRIS, DEFENDANT.

WILLIAM A. McGINTY, PLAINTIFF, v. FRANCES E. MORRIS, DEFENDANT.

Decided June 17, 1927.

Ejectment—Plaintiffs, in Two Suits, Claim Defendant Encroached Upon Property Belonging to Each of Them, in the Erection of a Garage—Held, That Verdict For Plaintiffs was Not Against Weight of Evidence; That There was no Basis For Claiming a Way of Necessity; That a Proper Foundation Had Been Laid For Surveyors' Testimony Establishing the Street Line in Front of Defendant's Lot; That There was no Invasion of the Province of the Jury in Charging Upon the Accuracy of Maps, and That the Court Did Not Charge That it was Incumbent Upon the Defense to Show the Jury That the Plaintiffs' Surveyors Were Mistaken—Rule Discharged.

On defendants' rule to show cause.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the rules, *Geran & Matlack* (*Isaiah Matlack,* of counsel).

*Contra, Harry R. Cooper.*

PER CURIAM.

These two cases being actions in ejectments were tried together at the Monmouth Circuit Court, and each resulted in a verdict for the plaintiffs. Both of these verdicts are now before us on rules to show cause allowed to the defendant. The subject-matter of the dispute was a tract of land which the plaintiffs claimed they owned and upon which the defendant, Morris, who owned an adjoining property in the rear, had erected a portion of a garage.

There was testimony to the effect that the garage erected by the defendant stands partly on the lands of each of the plaintiffs.

The five reasons presented in the brief of counsel of defendant for setting aside each of the verdicts and granting a new trial are these:

"1. The verdicts are against the weight of the evidence.

"2. The court excluded proof of a way of necessity.

"3. The trial court erred in permitting the surveyor, Emlen, to establish the westerly line of Railroad avenue in front of the defendant's lot, without having laid a proper foundation to support the accuracy of his measurements at that point.

"4. In charging the jury upon the accuracy of the surveyor's testimony and maps, the court invaded the province of the jury.

"5. The court erred in charging the jury that it was incumbent upon the defense to show the jury that the plaintiffs were mistaken."

First, as to the contention that the verdicts are against the weight of the evidence. A careful reading of the testimony does not support this contention. The premises are located in Neptune city. On behalf of the plaintiff, one James H. Emlen testified that he had been a surveyor for twenty years

and was acquainted with the property. He produced a map showing a survey made on December 24th, 1923, of the Archer and McGinty properties. A revision of this survey was made by him in July and August, 1924, with the result, showing that the defendant's garage encroaches on the Archer property to a depth of ten feet, three and three-fourths inches from the real lien of the defendant's property and for a width of six feet six inches. The encroachment, shown by the survey on the McGinty property, is to a depth of ten feet two inches from the rear line of the defendant's property and of a width of six feet five inches. Another surveyor, George F. Randolph, testified on behalf of the plaintiffs to the same effect.

The effect of the testimony adduced on behalf of the defendant was to raise a disputed question of fact, and we cannot say in view of the testimony of the two surveyors which testimony fully supports the claim of the plaintiffs that the jury reached a wrong result.

Next, as to defendant's contention that the court improperly excluded proof of a way of necessity. The offer of proof was as follows: "I offer to prove * * * by witnesses that Railroad avenue has been open and used for the last fifty years; there is no other way out of these premises for the defendant than Railroad avenue, and that Railroad avenue, in 1923, was accepted by and graveled by the borough of Neptune city."

The very statement of the proposition refutes the existence of a way by necessity. The defendant had an outlet to Railroad avenue. The defendant's offer was properly ruled out.

The third reason relied on for a new trial is equally without merit. The surveyor, Emlen, had properly qualified as such, and the accuracy of his testimony, like any other question of fact, was a matter for the determination of the jury when it came to consider all the testimony in the cause.

The fourth reason for a new trial is rested upon the assertion that the trial judge invaded the province of the jury in charging upon the accuracy of the surveyor's testimony and maps. What the trial judge said was by way of mere com-

ment on the evidence. He was within his province so long as he left the facts commented upon to be decided by the jury. From a reading of the charge it does not appear that the trial judge overstepped the limit of fair comment upon the evidence.

The fifth and last reason, argued for a new trial, "that the court erred in charging the jury that it was incumbent upon the defense to show the jury that the plaintiff's surveyors were mistaken," is without support from a fair reading of the charge. The trial judge nowhere in the charge said that it was incumbent upon the defense to show the jury that the plaintiff's surveyors were mistaken. No such sense can be gathered from the language used in his instruction to the jury.

The rule to show cause in each case is discharged, with costs.